# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **S.H.-1, S.H.-2, and S.S.**

**No. 22-778** (Randolph County 19-JA-165, 19-JA-166, and 22-JA-23)

## MEMORANDUM DECISION

Petitioner Mother S.W.[1] appeals the Circuit Court of Randolph County's September 14, 2022, order terminating her parental rights to S.H.-1, S.H.-2, and S.S.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On November 22, 2019, the DHHR filed a petition alleging petitioner abused and neglected S.H.-1 and S.H.-2. The petition alleged that newborn S.H.-2 was born exposed to buprenorphine, for which petitioner did not present a prescription. It also alleged that S.H.-2 had been born exposed to opiates and benzodiazepines. Petitioner stipulated to abuse and neglect at adjudication and was granted a post-adjudicatory improvement period on December 9, 2020. She was also granted a dispositional improvement period on September 20, 2021.

Petitioner gave birth to S.S. in March 2022, at which time the DHHR filed an amended petition alleging that petitioner hid the pregnancy from the DHHR, she refused to allow her service worker to take pictures of the unsanitary conditions of her home, her brother was living with her when he was arrested for felon in possession of a firearm and possession with intent to deliver fentanyl, and she lacked the ability to properly parent and provide a safe home for her children. Petitioner waived her preliminary hearing and stipulated to the allegations of abuse and neglect contained in the amended petition. The DHHR moved to terminate petitioner's improvement period as unsuccessful, and the circuit court granted the motion by order entered on May 13, 2022. In the order, the court noted that, according to DHHR workers who supervised petitioner's visits with the children, petitioner displayed a lack of interest in the children during visits, referencing

---

[1]Petitioner appears by counsel J. Brent Easton. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Attorney Melissa T. Roman appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Additionally, because two of the children share the same initials, we have included numbering to differentiate them.

instances of preoccupation on her phone, taking multiple smoke breaks, and a general lack of participation in the visits. The court found it concerning that petitioner demonstrated an unwillingness and/or inability to provide basic needs for her children despite "many months on an improvement period with parenting services[,]" highlighting an instance where petitioner did not give the toddler much food during a zoo visit despite the lengthy visit. The court also found that petitioner exposed the children to inappropriate people during her single unsupervised visit, demonstrating an inability to provide for and protect her children and failure to implement day-to-day safety and care for them. During the May 2, 2022, hearing that led to the May 13, 2022, order, petitioner testified that the process related to visitation and services was "crap," leading the court to believe she had not taken the process seriously. In addition, the court noted that petitioner's continued involvement with the father of S.H.-1 and S.H.-2, who continued to test positive for methamphetamine, showed petitioner's unwillingness and/or inability to protect her children from inappropriate people in the future. For those reasons, the circuit court determined that the improvement period was unsuccessful.

On August 22, 2022, petitioner moved for an improvement period for S.S. and for the reconsideration of the court's termination of her improvement period for the other children. By order entered on September 14, 2022, the court denied the motions and terminated petitioner's parental rights to all of the children, concluding that petitioner "was not able to make necessary changes and learn what she needed to do to care [for] and protect her children during her prior seventeen months of improvement time" and that "it is not likely that the conditions of abuse and neglect can be remedied in the near future." It further found that petitioner's prior improvement period was terminated because she failed to internalize lessons taught during the improvement period and demonstrated an inability to safely care for her children. Thus, the court concluded that

> [t]o start an improvement period for [S.S.] after her prior improvement period was terminated for the reasons it was, particularly in light of her testimony . . . that an improvement period is only to provide an opportunity to see her children and she doesn't otherwise see a point to it, is futile and not consistent with the child's best interest.

The court, therefore, terminated petitioner's parental rights, finding it was in the children's best interests.[3] Petitioner appeals from that September 14, 2022, disposition order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Before this Court, petitioner argues that the circuit court abused its discretion by finding that she failed to successfully complete her earlier improvement period.[4] She contends that the

---

[3]The respective fathers' parental rights were also terminated below. The permanency plan for S.H.-1 is adoption by the maternal grandmother. The permanency plan for S.H.-2 and S.S. is adoption together in their current foster placement.

[4]Petitioner does not set forth argument specifically challenging the termination of her parental rights to the children.

2

evidence presented contradicted the court's findings, as she was unaware of her pregnancy with S.S. until her seventh month, at which time she informed the multidisciplinary team of the same; the times she was disinterested and frustrated with the children during visits constituted only a fraction of the visitation time; and her counselor provided a favorable outlook on petitioner's ability to parent the children. Petitioner essentially argues that the circuit court erroneously relied upon the termination of her first improvement period in denying her subsequent motion for a new improvement period. However, petitioner ignores testimony from DHHR workers that evidenced her inability to comfort and care for the children, the frustration and anger she exhibited toward the children during visits, and her continued exposure of the children to inappropriate people, in addition to her own testimony that the steps necessary to remedy the conditions of abuse and neglect were "crap."

Under West Virginia Code § 49-4-610(7), a circuit court may terminate an improvement period "when the court finds that [the parent] has failed to fully participate in the terms of the improvement period." Additionally, West Virginia Code § 49-4-610(3)(D) provides that a court may grant a post-dispositional improvement period where "the respondent demonstrates that since the initial improvement period, the respondent has experienced a substantial change in circumstances. Further, the respondent shall demonstrate that due to that change in circumstances, the respondent is likely to fully participate in the improvement period." Petitioner does not argue that she experienced a substantial change in circumstances that demonstrated she was likely to fully participate in an additional improvement period. In addition, the facts and testimony set forth above led to the circuit court's conclusions that petitioner displayed a lack of interest in the children during visits, failed to provide proper food to the children during visits, allowed an inappropriate person to attend her only unsupervised visitation, demonstrated an inability to provide for and protect her children, and had not internalized what she learned during her earlier lengthy improvement period. We, therefore, find that the circuit court did not err in terminating petitioner's earlier improvement period or using that finding as a basis for the denial of an additional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 14, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn